*1202 OPINION.
MoRRis:
The petitioner alleges its exemption from tax under .section 231 (4) of the Revenue Acts of 1918 and 1921. Section 231 (4) of the 1918 Act provides:
That the following organizations shall be exempt from taxation under this title — - * * * (4) - Domestic building and loan associations and cooperative banks without capital stock organized and operated for mutual purposes and without profit.
Section 231 (4) of the 1921 Act states the exemption as follows:
That the following organizations shall be exempt from taxation under this title— * * * (4) Domestic building and loan associations substantially all the business of which is confined to making loans to members * * *.
The Commissioner contends that the petitioner lacks several of the essential characteristics of the legitimate building and loan association, namely, mutuality, and the accumulation of funds primarily for making loans to members for the purpose of building or acquiring homes, that the business resulted in large profit to those who neither borrowed nor furnished the capital used in the business of the taxpayer; that the profits accrued to the benefit of a small group precisely as in the case of an ordinary corporation trading in money or merchandise, and that petitioner is therefore in the same class with corporations which operate a financial business for the benefit of their shareholders and should stand in no better position for the purpose of Federal taxation than similar institutions.
We have previously, in an extended opinion, considered the nature of building and loan associations and reviewed the Federal court decisions pertaining thereto.' Appeal of Johnstown Building & Loan Association, 6 B. T. A. 463. We could rest the decision in this proceeding (that the petitioner comes within the provisions of section 231 (4) of the Revenue Acts of 1918 and 1921) on the ruling therein made that that organization was exempt for the year 1922, although taxable for the prior years, the sole distinction being that *1203 for said year all of its loans except two were made to members. Such, disposition, however, is not consonant with the importance of the question involved. In view of that opinion we deem it unnecessary to retrace the field therein covered, and therefore merely restate some of the principles to be drawn from it and the cases therein cited.
All the authorities agree that the distinguishing characteristic of building and loan associations is the substantial mutuality of benefit existing between the members. Such mutuality implies that borrowing members and lending members participate in earnings on a fairly equal basis or members share in the profits on substantially the same footing. Mutuality is not destroyed by the issuance of prepaid shares upon which there may be an inequality in the returns to the prepaying shareholder and the other shareholder in favor of one or the other. The borrowing of money by a building and loan association in the furthering of the purpose of its organization does not of itself change the character of the organization, nor destroy the mutuality between the members. Exemption to a true building and loan association can not be denied because it does not require each borrowing member to subscribe for an amount of stock equal to the face of his loan. Any association which maintains the requisite mutuality is entitled to exemption entirely without regard to the amount of stock subscribed by its borrowing members. Congress in all of the acts, from 1909 to 1921, has granted an exemption from income and profits taxation only to those associations organized for mutual benefit or mutual purposes. Some measure of departure like the borrowing of funds from nonmembers or the making of loans to nonmembers when done merely as an incident to the general purpose of the organization does not defeat the exemption. When an organization, however, departs from the general purposes of a building and loan association and enters the field commonly occupied by savings banks and mortgage loan companies, said organization is no longer operated along the lines peculiar to building and loan associations.
Viewing the facts in the instant case in the light of the above principles we reach the conclusion that the petitioner is exempt from taxation for the years in question. The petitioner is operated for mutual purposes in that all the members share equally in the profits of the association to the extent of their stock. Loans were made exclusively to members and although not all for the purpose of building and acquiring homes, the loans for other purposes were few when compared with the bulk of the business and merely incidental. The loans were not all made on the basis of the borrowers’ stock-holdings, but exemption can not be denied on that ground.
*1204 The reason for our conclusion is further clarified when the facts are compared with those of the Johnstown Building & Loan Association, supra, for the years 1919 to 1921 inclusive, in which we disallowed the exemption claimed, and Lilley Building & Loan Co. v. Miller, 280 Fed. 148, in which the United States District Court denied exemption and was sustained by the Circuit Court of Appeals, 285 Fed. 1020. In each of the above cases most of the business was conducted with nonmembers. In the instant case, outside of the money obtained from depositors who were nonmembers, all of the business of the association was done with members. Deposits by nonmembers over the five-year period averaged 32.17 per cent of the total deposits. Comparing the facts pertaining to the year 1920 in this and the Lilley case we find that the Lilley Company had 301 stockholders, two of whom, out of a total of 495, were borrowers; the petitioner had 2,310 stockholders, 373 of whom were borrowers, all borrowers being stockholders. The Lilley Company had 2,239 savings depositors; the petitioner 1,254 depositors, 927 of whom were stockholders. In the LAlley case, paid-up stock exceeded the running or installment stock while in the instant case the paid-up stock is less than one-tenth of the installment stock in amount.
In the Johmtown case the association did most of its business with nonmembers during the years 1919, 1920, and 1921, most of its loans and deposits being made to and received from nonstockholders. Its paid-up stock was greatly in excess of that of the petitioner while its running stock was substantially less.
The consideration of the above facts in the Lilley and JoJmstoum cases clearly distinguishes those cases from the instant proceeding. The factors determinative of the denial of exemption in those cases are the strongest links in support of the petitioner’s exemption.

Judgment will be entered for the fetitioner on 15 days' notice, under Bule 50.